IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LEMONT WALKER, | ) | |
| # 1229577, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0401-H |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas Dep't | ) | |
| of Criminal Justice, Correctional Institutions | ) | |
| Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for habeas corpus relief filed by a state inmate proceeding *pro se* pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated in the Texas Department of Criminal Justice - - Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court issued process in this case.

Statement of the Case:  Petitioner pled guilty to aggravated robbery with a deadly weapon, and true to the enhancement paragraph. On March 26, 2004, the trial court sentenced him to serve thirty years imprisonment in TDCJ-CID pursuant to a plea agreement. State of Texas v. Walker, No. 29262 (13th Judicial District Court of Navarro County, Texas). Petitioner

did not appeal.

Thereafter on May 26, 2004, Petitioner sought state habeas corpus relief , raising the grounds at issue in the instant petition. Ex parte Walker, No. 59,341-01, at 8. On June 30, 2004, the Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing. Id., at cover. On August 18, 2004, Petitioner file a second art. 11.07 application, which the Court of Criminal Appeals dismissed as a subsequent application. Ex parte Walker, No. 59,341-02, at 8 and cover.

In his federal habeas petition, filed on February 28, 2005, Petitioner alleges he was denied the effective assistance of counsel during the plea proceedings and his guilty plea was involuntary.

In response to this Court's order to show cause, Respondent filed an answer along with the state court record. Petitioner filed a reply, requesting an evidentiary hearing.

Findings and Conclusions: The Texas Court of Criminal Appeals adjudicated Petitioner's claims on the merits. Therefore this Court may not grant habeas relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner's primary complaint is that counsel coerced him into pleading guilty through scare tactics. According to Petitioner, counsel told him that if he went to trial, he would receive a life sentence and that he would be convicted because of his race. Petitioner couches his claims

2

in terms of ineffective assistance of counsel as well as a coerced and involuntary plea. The Court addresses first Petitioner's contention that his plea was involuntary and coerced.

A guilty plea will be upheld on collateral review if entered into voluntarily, intelligently, and knowingly. Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000) (citing James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995)). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). To prevail, a petitioner must show that the plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." Blackledge v. Allison, 431 U.S. 63, 75, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

The record in this case undercuts any claim by Petitioner that his plea was not voluntarily made and that it was coerced by his counsel's statements. The indictment in this case charged Petitioner with aggravated robbery with a deadly weapon, with one enhancement paragraph. Ex parte Walker, No. 59,341-01, at 3 and 5. Under Texas law at the time, this offense was a first degree felony subject to punishment of five to ninety-nine years or life imprisonment. Id.; see also Tex. Penal Code §§ 29.03 and 12.32. The state habeas court concluded that "[b]eing notified of the possible punishment range is certainly not coercion." Ex parte Walker, No. 59,341-01, at 19.

Moreover, Petitioner was fully admonished about the nature of the charges, his constitutional rights, and the consequences of entering a guilty plea. Ex parte Walker, No. 59,341-01, at 3 and 5. The state habeas court noted that during the plea in open court, Petitioner

3

advised the trial court that his plea was voluntary and that "no one forced him to plead guilty." Id. at 19. Petitioner had also signed a "Written Waiver" which stated that his "plea was knowingly, freely, and voluntarily entered." Id. The assurances of voluntariness given by Petitioner in open court demonstrate that his decision to plead guilty was freely and knowingly made. The United States Supreme Court has held that "solemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74. Petitioner presented no evidence to rebut this presumption at the state level, and he includes none here that would shake the state habeas corpus court's decision to reject the claim that his plea was involuntary. Because the record establishes that Petitioner's guilty plea was voluntarily and knowingly made, Petitioner has not demonstrated that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Petitioner is not entitled to federal habeas corpus relief on this issue.

Next Petitioner challenges the conduct of his court-appointed counsel before he plead guilty. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel following a guilty plea, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and that (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990); Craker v. McCotter, 805 F.2d 538, 541 (5th Cir. 1986).

Petitioner alleges counsel advised him to plead guilty to avoid a life sentence, failed to seek a ruling on a motion to suppress his confession before the plea hearing, and failed to file a

4

motion for change of venue. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant. Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). This includes claims of ineffective assistance of counsel except as insofar as the ineffectiveness is alleged to have affected the voluntariness of the guilty plea. Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987) (explaining that, once a guilty plea is entered, any Sixth Amendment challenge is limited to the issues of voluntariness and the defendant's understanding of the nature of the charges brought against him and the consequences of his plea); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (holding that a voluntary guilty plea waives all non-jurisdictional defects, including claims for ineffective assistance of counsel, except where the alleged ineffectiveness bears upon the voluntariness of the guilty plea); see also United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).

Unsurprisingly, Petitioner alleges exactly this connection between counsel's alleged errors and his guilty plea. As a result, the Court will address each of his claims below.

Petitioner alleges counsel advised him to plead guilty to avoid a life sentence. Petitioner cannot establish that counsel's conduct was deficient. Notifying a defendant of the maximum punishment for his offense is not erroneous. As noted above, Petitioner faced a maximum sentence of ninety-nine years or life imprisonment. The fact that this high sentence may have "scared" Petitioner, it does not abrogate a counsel's duty to advise his client of the maximum sentence that he is facing. Moreover, Petitioner cannot establish that he was prejudiced, namely that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 370. It is not sufficient for a habeas petitioner to allege deficiencies on the part of counsel. He must

5

affirmatively plead the resulting prejudice in his petition.  Id. at 59-61, 106 S.Ct. at 371; Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988).  Petitioner has failed to establish that he would not have pled guilty but for counsel's advice that he faced a sentence of life imprisonment.

      Next Petitioner alleges that counsel failed to seek a ruling on a motion to suppress his confession filed before the plea hearing.  He states that his confession was coerced by the statements of a police detective who he told him as follows:  "if I didn't confess to the crime and give him all he needed he would make sure I never got out of prison and he would lock my sister up and charge her with aggravated robbery."  (Pet. at p. 7 and attached handwritten page). Petitioner explains that his attorney informed him that the "detective was allowed to tell me such things and that the judge had only granted one motion to suppress in 10 years and he wouldn't grant mine."  (Id.).  In his Reply, Petitioner alleges that "[p]rior to advising [Petitioner] to plead guilty, counsel had a duty to procure a ruling on the Suppression motion."  (Reply at 6).  He explains as follows:

> [P]etitioner's confession provided primary evidence that could be used at trial and the only evidence which the state needed to convict petitioner.  Among other things, Petitioner's confession placed him at the scene of the crime; identified weapons perhaps used, and provided a description of clothes worn during the offense.  Without Petitioner's confession, a conviction was probably impossible.

(Id.).

      Since Petitioner decided to plead guilty, counsel had no reason to request a ruling on the pre-trial motion to suppress.  His contentions to the contrary are patently frivolous.  Moreover, the cases on which he relies, Bram v. United States, 168 U.S. 532, 542-43, 18 S.Ct. 183 (1897), and Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735 (1961), are distinguishable since the defendants were convicted following a trial instead of a guilty plea as in this case.

Petitioner also claims that his attorney rendered ineffective assistance by failing to file a motion for a Change of Venue because "even O.J. Simpson would have been found guilty in Navarro County because of his color." (Pet. at 7). In his reply, Petitioner states that if "counsel knew the venire men or community of Navarro County was biased against African Americans, he should have sought a change of venue." (Reply at 7). Since Petitioner decided to plead guilty, counsel had no reason to file a motion for change of venue. Moreover, petitioner does not explain how the failure to request a change of venue prejudiced him.

Considering all the circumstances, petitioner has not shown a reasonable probability that, but for the alleged deficiencies of counsel, he would have pleaded not guilty and insisted on going to trial. He thus has shown no ineffective assistance of counsel that rendered his plea involuntary or unknowing.

Lastly, Petitioner requests an evidentiary hearing to determine the reasons for counsel's failure to procure a ruling on the motion to suppress and to file a motion for change of venue. (See Memorandum in Support of Pet. at 6, and Reply at 4, 7, and 8). However, the AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. See Williams v. Taylor, 529 U.S. 420, 433-34, 120 S. Ct. 1479, 1489 (2000) (prisoners who are at fault for the deficiency in the state court record must satisfy a heightened standard to obtain an evidentiary hearing); 28 U.S.C. § 2254(e)(2). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams v. Taylor, 529 U.S. at 437, 120 S. Ct. at 1491. Under the AEDPA, if a petitioner failed to develop the factual basis of a

7

claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. Foster v. Johnson, 293 F.3d 766, 775 n. 9 (5th Cir. 2002); 28 U.S.C. § 2254(e)(2).

      Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding.  Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding.  Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims.  Petitioner does not offer any *rational* explanation for his failure to fully develop any and all evidence supporting his claims during his state habeas evidentiary hearing. Nor does he identify any additional evidence which he and his state habeas counsel were unable to develop and present to petitioner's state habeas court despite the exercise of due diligence on their part.  Under such circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the petition for writ of habeas corpus.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 26th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.